UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GABRIEL ALLEN ECKARD,

    Plaintiff,

v.

KAREN ZACHARIAS,

    Defendant.

Case No. C19-833 BJR-MLP

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff brings this civil rights action under 42 U.S.C. § 1983 alleging deliberate indifference to a serious medical need. (Dkt. # 5 ("Verified Compl.").) Plaintiff is proceeding with this action *pro se* and *in forma pauperis*. The present matter comes before the Court on Plaintiff's motion for appointment of counsel. (Dkt. # 17.) Defendant Zacharias opposes Plaintiff's motion. (Dkt. # 18.) After careful consideration of the motion, the governing law, and the balance of the record, the Court finds that the complexity of the legal issues present in this case and Plaintiff's ability to articulate his claims do not constitute exceptional circumstances to justify the appointment of counsel. Plaintiff's motion for appointment of counsel (dkt. # 17) therefore is DENIED.

Generally, a person has no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). In certain "exceptional circumstances," the Court may request the voluntary assistance of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither factor is dispositive, and they must be viewed together before reaching a decision on a request for counsel. *Id.*

The Court concludes Plaintiff has not shown a likelihood of success on the merits. In addition, Plaintiff appears able to articulate his claims *pro se* given that the legal issues are not particularly complex. Indeed, the single claim against one defendant raised in Plaintiff's action – a violation of his right to adequate medical care – is straightforward in terms of both the law and the facts. To the extent Plaintiff claims difficulties developing the factual record and conducting discovery, those issues are not unique to him. If such difficulties were sufficient to establish "exceptional circumstances," nearly every *pro se* prisoner would be entitled to pro bono counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case. If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues [warranting appointment of counsel].").

Accordingly, the Court concludes that Plaintiff has not established exceptional circumstances warranting the appointment of counsel and therefore DENIES his motion to appoint counsel (dkt. # 17).

Defendant Zacharias requests the Court strike the offensive language in Plaintiff's motion. (Dkt. # 18 at 2 n.1.) Specifically, Plaintiff repeatedly refers to Defendant Zacharias as "Burger Queen." (Dkt. # 17 at 1-2.) The Court finds this language impertinent and immaterial pursuant to Rule 12(f). The Court cautions Plaintiff that any further derogatory statements regarding Defendant Zacharias contained in a pleading before this Court will require the Court to strike the entire pleading. The Court therefore ORDERS this language be stricken from the record.

The Clerk is directed to send a copy of this Order to plaintiff and to the Honorable Barbra J. Rothstein.

Dated this 18th day of October, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge