UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GABRIEL ALLEN ECKARD,

           Plaintiff,

   v.

KAREN ZACHARIAS,

           Defendant.

Case No. C19-833-BJR-MLP

REPORT AND RECOMMENDATION

Plaintiff Gabriel Allen Eckard is a pretrial detainee confined at the Snohomish County Jail (the "Jail"). Plaintiff submitted to the Court a civil rights complaint under 42 U.S.C. § 1983 in which he alleges that Defendant Karen Zacharias, a registered nurse at the Jail, acted with deliberate indifference to Plaintiff's alleged serious medical need when she reported to the Jail's medical provider that Plaintiff refused to perform a mouth check during the administration of his medication, which resulted in the temporary suspension of his medication. (*See* Dkt. # 5 ("Verified Compl.").) Plaintiff seeks declaratory relief and damages. (*Id.* at ¶ 4.) Plaintiff submitted a motion for summary judgement. (Dkt. # 11 ("Mot. Summ. J.").) Defendant Zacharias submitted a response and a cross-motion for summary judgment. (Dkt. # 13 ("Cross-Mot. Summ. J.").) In the alternative, Defendant Zacharias requests additional time to propound

REPORT AND RECOMMENDATION - 1

1  discovery on the Jail's medical providers to assist in her response to Plaintiff's motion. (*Id.*)
2  Defendant also submitted a reply to Plaintiff's motion for summary judgment. (Dkt. # 19
3  ("Reply").)

### I.   BACKGROUND

Plaintiff asserts he was prescribed medication for stomach acid issues, severe headaches, and cholesterol. (Verified Compl. at ¶ 8). On April 15, 2019, Defendant Zacharias administered Plaintiff's medication to him in the presence of Snohomish County Deputy Randall Garka. (*Id.* at ¶ 2); (Dkt. # 12 ("Eckard Decl.") at ¶ 1.) Plaintiff asserts that after swallowing his medication, Defendant Zacharias directed him to open his mouth to confirm he had swallowed the medication, *i.e.* perform a mouth check, which the Jail requires when an inmate is administered medication. (Verified Compl. at ¶ 3.)

Plaintiff and Defendant Zacharias have different accounts of the following events: Plaintiff alleges that he performed the mouth check and subsequently told Defendant Zacharias to "open [her] mouth." (Eckard Decl. at ¶ 3.) Defendant Zacharias asserts that when she initially asked Plaintiff to open his mouth, he refused. (Dkt. # 14 ("Zacharias Decl.") at ¶ 3.) Defendant Zacharias asserts that after asking Plaintiff to perform a mouth check a second time, Plaintiff barely opened his mouth. (*Id.*)

Plaintiff alleges that the following morning, nursing staff informed Plaintiff that the Jail's medical provider discontinued his medication after Defendant Zacharias reported that Plaintiff failed to perform a mouth check. (Eckard Decl. at ¶ 4.) Defendant Zacharias asserts that the only action she took regarding her interaction with Plaintiff was to make a note in his medical chart about her observations of his behavior during the administration of his medication, and to create

a task to be reviewed by the Jail's medical providers regarding Plaintiff's alleged ongoing unwillingness to fully comply with mouth checks. (Zacharias Decl. at ¶ 4.)

Plaintiff alleges that as a result of not receiving his medication, he suffered "painful, debilitating headaches and heartburn and other stomach acid issues." (Eckard Decl. at ¶ 7.) Plaintiff also asserts that Defendant Zacharias acted with malice in allegedly telling the Jail's medical provider that Plaintiff did not submit to a mouth check in retaliation for Plaintiff's comment for her to open her mouth. (*Id.* at ¶¶ 8-9.) Plaintiff submitted grievances in an effort to resolve the suspension of his medication. (Verified Compl. at ¶ 11, Exs. 1, 2.) Plaintiff received a response which stated his medication had been reinstated and that Plaintiff needed to do a "good mouth check" to avoid future problems. (Verified Compl., Ex. 1 at 2.)

## II.   DISCUSSION

### A.   Summary Judgment Standard

Summary judgment is appropriate when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of showing the district court "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. The moving party can carry its initial burden by producing affirmative evidence that negates an essential element of the nonmovant's case, or by establishing that the nonmovant lacks the quantum of evidence needed to satisfy its burden of persuasion at trial. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The burden then shifts to the nonmoving party to establish a genuine issue of

material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court must draw all reasonable inferences in favor of the nonmoving party. *Id*. at 585-87.

The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient[]" to defeat summary judgment. *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Nor can the nonmoving party "defeat summary judgment with allegations in the complaint, or with unsupported conjecture or conclusory statements." *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003).

**B.      Section 1983 Standard**

In order to state a claim for relief under 42 U.S.C. § 1983, a Plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a Plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. *Id.* (citing *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

**C.      Deliberate Indifference to a Serious Medical Need Claim**

Plaintiff's claim arises out of the alleged deprivation of medically necessary care. Because the conduct complained of occurred during Plaintiff's confinement as a pretrial

detainee, his rights derive from the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment's prohibition against cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The Court applies a deliberate indifference standard in considering claims relating to medical care. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1241 (9th Cir. 2010), *overruled in part on other grounds in Castro v. County of Los Angeles*, 833 F.3d 1060, 1070-71 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 831 (2017).

A prisoner or pretrial detainee must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle,* 429 U.S. at 106. A serious medical need exists if the failure to treat an inmate's condition "could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997)).

Pursuant to recent Ninth Circuit law, the Court evaluates a pretrial detainee's Fourteenth Amendment claim alleging a violation of the right to adequate medical care under an objective deliberate indifference standard. *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (citing *Castro*, 833 F.3d at 1070).[1] A plaintiff must demonstrate: (1) the defendant made an intentional decision with respect to conditions under which the plaintiff was confined; (2) the conditions put plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable measures to abate the risk, "even though a reasonable official in the circumstances would have appreciated the high degree of risk involved – making the

---

[1] Previously, "all conditions of confinement claims, including claims for inadequate medical care, were analyzed under a subjective deliberate indifference standard whether brought by a convicted prisoner under the Eighth Amendment or pretrial detainee under the Fourteenth Amendment." *Gordon*, 888 F.3d at 1122-23 (citing *Clouthier*, 591 F.3d at 1242-43).

REPORT AND RECOMMENDATION - 5

consequences of the defendant's conduct obvious;" and (4) by not taking such measures, the defendant caused plaintiff injury. *Id.* at 1125. The delay of or interference with medical treatment for a serious medical need can amount to deliberate indifference. *Jett*, 439 F.3d at 1096; *McGuckin*, 974 F.2d at 1059-60. However, the inmate must show harm resulting from the delay. *Id.*

Plaintiff's single claim in this matter is straightforward: Plaintiff asserts Defendant Zacharias reported to the Jail's medical provider that Plaintiff refused to perform a mouth check, knowing it would cause Plaintiff's medication to be discontinued. (Mot. Summ. J. at 7-8.) Plaintiff claims that as a result of being deprived of his medication to treat "chronic, debilitating headaches as a symptom of somatic disorder as well as gastrointestinal issues," he endured "a recurrence of these symptoms which constituted a wanton infliction of pain." (*Id.* at 10.) Plaintiff argues that he is therefore entitled to summary judgment. (*Id.* at 12.) For the reasons discussed below, the Court finds Plaintiff has failed to show Defendant Zacharias caused a violation of his constitutional rights.

       1.     *Deprivation of Medicine*

Under the objective deliberate indifference standard for Plaintiff's medical care claim, Plaintiff must show that Defendant Zacharias made an intentional decision with regard to his conditions of confinement, specifically his access, or lack thereof, to his medications. Plaintiff does not allege that Defendant Zacharias discontinued his medication. Rather, Plaintiff's complaint explicitly states that "Dr. Andrews discontinued the medications." (Verified Compl. at ¶ 9) and Defendant Zacharias makes clear in her declaration that as a registered nurse, she lacks authority to override a medical provider's prescription. (Zacharias Decl. at ¶ 5.)

To establish that Defendant Zacharias caused his medication to be suspended, Plaintiff asserts that Defendant Zacharias "[sic]new that telling Dr. Andrews that Plaintiff had refused to perform a mouth check would prompt him to discontinue the plaintiff's medicine." (Mot. Summ. J. at 7.) This conclusory allegation, without more, is insufficient to show Defendant Zacharias caused a violation of Plaintiff's constitutional right and does not raise a genuine issue of material fact. *See Nelson v. Pima Cmty. College,* 83 F.3d 1075, 1081–82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment."). Similarly, Plaintiff's conclusory speculation that Defendant Zacharias made her report in retaliation for him allegedly telling her to open her mouth does not establish Defendant Zacharias knew the Jail's medical providers would suspend Plaintiff's medication. (*Id.*)

Based on the evidence on the current record, Plaintiff has failed to show that Defendant Zacharias intentionally made her report *knowing* it would cause the Jail's medical providers to deprive Plaintiff of his medication. That is, even if Defendant Zacharias intentionally reported that Plaintiff failed to comply with a mouth check, whether as a lie or difference of perspective, Plaintiff has not shown Defendant Zacharias had the requisite knowledge that such a report would cause a suspension of Plaintiff's medication.

The Court notes that Plaintiff is quite familiar with litigation in federal court and the standards regarding motions for summary judgment.[2] Regardless, Plaintiff chose to bring his motion for summary judgment months before the discovery and dispositive motions deadline, without presenting anything more than bare allegations that Defendant Zacharias acted with

---

[2] Plaintiff has filed over thirty 42 U.S.C. ¶ 1983 actions in this jurisdiction since 2018 and has become a three-strike litigant pursuant to 28 U.S.C. ¶ 1915(g) since the commencement of the instant action. *See, e.g., Eckard v. Stringham, et al.,* C18-898-RAJ; *Eckard v. Woods, et al.*, C18-964-JCC; *Eckard v. Deshev, et al.*, C18-1053-JCC; *Eckard v. Walters, et al.*, C18-1258-RSM-JPD; *Eckard v. Wilmoth*, C18-1259-RAJ; *Eckard v. Caraway, et al.*, C18-1260-TSZ; *Eckard v. Mitchell et al.*, C18-1810-RSM.

REPORT AND RECOMMENDATION - 7

deliberate indifference. Plaintiff therefore has failed to satisfy the causation prong of his § 1983 claim, especially in light of Defendant Zacharias' declaration stating that she had "no expectation or belief that the notes might lead to the temporary suspension of Mr. Eckard's medication, because that is a decision that must be made by a medical provider." (Zacharias Decl. at ¶ 6.) It reasonably follows that based on Defendant Zacharias' lack of knowledge that his medication would be suspended and her inability to override the medical provider's prescription of Plaintiff's medication, Plaintiff also has not shown that Defendant Zacharias failed to take reasonable measures to abate the suspension of Plaintiff's medications. Further, as discussed below, it is unlikely Plaintiff would be able to show that the temporary suspension of his medication presented a substantial risk of serious harm, let alone a resulting injury.

Accordingly, the Court recommends Plaintiff's motion for summary judgment be denied, and Defendant Zacharias' cross-motion for summary judgment be granted.

### 2.  *Serious Harm*

In addition to failing to show that Defendant Zacharias caused Plaintiff's medication to be suspended with deliberate indifference, the Court finds Plaintiff has also failed to show a resulting harm. Plaintiff alleges that as a result of being deprived of his medication, he suffered symptoms of "painful, debilitating headaches and heartburn and other stomach acid issues," which Plaintiff asserts constituted a wanton infliction of pain. (Verified Compl. at ¶ 10); (Eckard Decl. at ¶ 7.) However, Plaintiff does not allege how long he was without medication and provides no evidence that the suspension of his medication could have, or did, result in significant injury or the unnecessary and wanton infliction of pain.

It appears from the record that Plaintiff identified the dates of this incident as "4/15-4/17/2019" on an inmate grievance form dated April 17, 2019. (Dkt. # 5-1 ("Inmate

REPORT AND RECOMMENDATION - 8

Grievances") at 2.) On a subsequent inmate grievance form dated May 5, 2019, Plaintiff identified the dates of this incident as "4/15 & 4/16/2019." (*Id.* at 3.) It therefore appears that Plaintiff was without his medication for two to three days. Although no expert testimony regarding the severity of Plaintiff's alleged harm is before the Court due to the early filing of the instant motions for summary judgment, it is difficult to imagine such a short deprivation of the types of medication Plaintiff was prescribed would constitute a substantial harm.

### D. Qualified Immunity

Defendant Zacharias also argues that even if her actions constituted a constitutional violation, she is entitled to qualified immunity. (Cross-Mot. at 6-7.) "[Q]ualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "The threshold inquiry a court must undertake in a qualified immunity analysis is whether plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled on other grounds by Pearson,* 555 U.S. 223 (2009).

As the Court has found that Defendant Zacharias did not violate Plaintiff's constitutional rights, it is not necessary to address Defendant Zacharias' qualified immunity arguments.

### E. Motion to Strike

Defendant Zacharias moves the Court to strike the following language in Plaintiff's motion: "Maybe [Defendant Zacharias] was frustrated that no self-respecting man wanted to couple with her, perhaps she had not had her daily Double Quarter Pounder with Cheese, or, it could just be that she was on-the-rag." (Cross-Mot. Summ. J. at 8-9 (citing Mot. Summ. J. at

REPORT AND RECOMMENDATION - 9

12.).) Defendant Zacharias argues this language is offense, irrelevant, and scandalous. (*Id.* at 9.) Defendant Zacharias argues that the Court may strike language from a pleading under Federal Rule of Civil Procedure 12(f) (allowing "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" to be stricken) or LCR 1(d) (Prohibition of Bias). (*Id.* at 8-9.)

The Court finds that Plaintiff's language is not only impertinent and immaterial pursuant to Rule 12(f), but also violates the expectations of LCR 1(d) by making statements regarding Defendant's gender. The Court will strike the offensive language and cautions Plaintiff that any further derogatory statements regarding Defendant Zacharias contained in a pleading before this Court will require the Court to strike the entire pleading. The Court also notes that Plaintiff has previously been cautioned by this Court regarding unnecessary and inappropriate comments in at least one other matter. *See Eckard v. Lee*, C19-429-RAJ-MLP (dkt. # 18).

### III.   CONCLUSION

For the foregoing reasons, the Court recommends that Plaintiff's motion for summary judgment (dkt. # 11) be DENIED. The Court further recommends that Defendant's cross-motion for summary judgment (dkt. # 13) be GRANTED. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **November 8, 2019**. Objections, and any response, shall not exceed twelve pages. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no

timely objections are filed, the matter will be ready for consideration by the District Judge on the day after the date that objections were due.

The Clerk is directed to send copies of this order to the parties and to the Honorable Barbara J. Rothstein.

Dated this 18th day of October, 2019.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11