UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GABRIEL ECKARD,<br><br>                     Plaintiff,<br><br>v.<br><br>KAREN ZACHARIAS,<br><br>                     Defendant. | Case No. C19-0833-BJR-MLP<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

Before the Court are Plaintiff's and Defendant's cross motions for summary judgment (ECF Nos. 11 and 13), the Report and Recommendation ("R&R") of the Honorable Michelle L. Peterson, United States Magistrate Judge (ECF No. 21), Plaintiff's objection to the R&R (ECF No. 24), and Defendant's response to the objections (ECF No. 25). The R&R recommends denying Eckard's motion for summary judgment and granting Defendant Zacharias's cross motion. Having reviewed these matters, the Court will adopt the R&R.

When a party files specific and properly filed written objections to an R&R, the district court must review the Magistrate Judge's findings *de novo*. *United States v. Raddatz*, 447 U.S. 667, 673 (1980). The requirement for this Court to make *de novo* review is limited to those parts of the R&R to which objection is properly made made. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C.

§ 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made").

Here, Eckard has failed to make any properly filed objection. The R&R found that Eckard's allegation that Defendant Zacharias caused Eckard's medicine to be suspended was conclusory and not supported by any evidence. Eckard objected to this by attempting to add new information that is not otherwise in the record, stating that he had a conversation with Zacharias on October 14, 2019 in which she acknowledged that her actions would cause a Doctor to suspend Eckard's medication. This assertion made in his objection is not just untimely but also in improper form since it is not supported by affidavit or declaration or any other form which a litigant "must" use to support the assertion. *See* Fed. R. Civ. P. 56(c). Eckard requests more time for discovery, but this request is untimely, and furthermore, is a possible remedy only for a non-movant for summary judgment. *See* Fed. R. Civ. P. 56(d). Eckard is the one who moved for summary judgment in the first place, arguing that "there is no triable issue of fact. . ." Pl.'s Mot. for Summ. J., ECF No. 11 at 12. Eckard's late attempt to object with an assertion of fact that is not part of the record and not made by affidavit or declaration does not constitute a properly filed objection. Accordingly, this Court will adopt the R&R.

The Court next considers whether Eckard's suit was malicious. This question is germane to the Prison Litigation Reform Act of 1996's (PLRA) "three-strikes" rule, 28 U.S.C. § 1915(g), which prohibits a prisoner from filing an action *in forma pauperis* if he has accumulated three "strikes" for prior federal-court actions while incarcerated or in detention, unless he is "under imminent danger of serious physical injury." *Id.* A prisoner can incur a "strike" for bringing an action "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.*

The PLRA does not define "malicious," so the Ninth Circuit requires courts to look to the "ordinary, contemporary, common meaning" in defining such terms. *Wilderness Soc'y v. United States Fish & Wildlife Serv.*, 353 F.3d 1051, 1060 (9th Cir.2003) (en banc) (internal quotation marks and citations omitted). This Court turns to two trusted treatises. Black's Law Dictionary defines malicious as "1. Substantially certain to cause injury. 2. Without just cause or excuse." *Black's Law Dictionary* (11th ed. 2019). The Oxford English Dictionary defines malicious as being characterized by malice, which is "The intention or desire to do evil or cause injury to another; active ill will or hatred." *Oxford English Dictionary* (3d ed. 2000).

In his motion for summary judgment, Eckard wrote, "Maybe [Defendant] was frustrated that no self-respecting man wanted to couple with her, perhaps she had not had her daily Double Quarter Pounder with Cheese, or, it could just be that she was on-the-rag." Pl.'s Mot. for Summ. J., ECF No. 11 at 12. In his written objection to the R&R, Eckard called Magistrate Judge Peterson "dishonorable" and said that she "should not quit her day job." ECF No. 24 at 2. Accordingly, the Court finds that Eckard's suit is malicious. There is simply no justification for Eckard to use his case and this Court's resources as platforms for personal attacks. A review of the entire case leaves the Court with a strong impression that Eckard's case was motivated at least in part by his personal animosity and not to pursue legal redress of a legitimate grievance.

The Court hereby ORDERS:

(1) The Report and Recommendation from Magistrate Judge Michelle L. Peterson (ECF No. 21) is approved and adopted;

(2) Eckard's motion for summary judgment (ECF No. 11) is DENIED;

(3) Defendant's cross-motion for summary judgment (ECF No. 13) is GRANTED;

(4) Eckard's present case is found to be malicious and will thus count as a strike under 28 U.S.C. § 1915(g);

(5) Eckard's complaint (ECF No. 5) and this action are DISMISSED, with prejudice;

(6) The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendant, and to the Honorable Michelle L. Peterson.

DATED this 14th day of November, 2019.

*/s/ Barbara J. Rothstein*
BARBARA JACOBS ROTHSTEIN
United States District Judge